**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION**

| | | |
|---|---|---|
| **CARLA VALDEZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** |
| | § | **DR-24-CV-88-EG-JAC** |
| **OFFICER NO. 4 JOHN DOE and** | § | |
| **MALEX LOGISTICS LLC D/B/A/** | § | |
| **MALEX LOGISTICS S.A. DE C.V.,** | § | |
| **Defendants.** | § | |

## REPORT AND RECOMMENDATION

To the Honorable Ernest Gonzalez, United States District Judge:

This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. §

636.  Now pending before the Court is Defendant Malex Logistics S.A. de C.V.'s Fed. R. Civ. P.

12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, for Forum Non

Conveniens.  ECF No. 4.  In accordance with § 636, the undersigned hereby issues this Report

and Recommendation, which recommends that the motion to dismiss be **GRANTED.**

## I.  BACKGROUND

On January 19, 2024, Plaintiff Carla Valdez, a resident of Val Verde County, Texas, filed

suit in the 63rd Judicial District of Val Verde Couty, Texas, against John Doe and Malex

Logistics LLC d/b/a Malex Logistics S.A. de C.V. ("Malex").[1]  *See* Pl.'s Original Pet., ECF No.

1-2.  Plaintiff alleges the following occurred on December 18, 2023:

> Plaintiff and Doe were traveling into the United States from
> Mexico. After plaintiff paid the toll to cross the border into Texas,
> Doe, who was driving an 18-wheeler owned and operated by
> Malex, attempted to merge into Plaintiff's lane and rear ended her
> vehicle. As a result of Defendants' negligence and/or negligence
> per se, Plaintiff suffered serious and permanent injuries.

---

[1] Malex asserts that it was incorrectly named Malex Logistics LLC.  ECF No. 4 at 1.

*Id.* at 2.  Plaintiff brings numerous common law claims of negligence against Malex, including claims of negligent entrustment, hiring, training, and supervision, as well as claims based on respondeat superior, failure to maintain the vehicle in a reasonably safe condition, and violations of applicable laws and regulations.  *Id.* at 3.  Plaintiff also brings general negligence claims against Doe.  *Id.*

On September 3, 2024, Malex removed the case to federal court on the basis of diversity jurisdiction.  *See* ECF No. 1.  Malex then filed the present motion to dismiss, seeking dismissal under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  ECF No. 4.  According to Malex, the Court lacks personal jurisdiction over it because (1) it is a Mexican corporation with its principal place of business in Mexico, and (2) the collision occurred in Mexico, not the United States.  *Id.* at 1-2.  Alternatively, Malex seeks dismissal based on forum non conveniens.  *Id.* at 2. Plaintiff did not respond to the motion to dismiss.

## II.  DISCUSSION

### A.  Rule 12(b)(2)

When a defendant moves for dismissal pursuant to Rule 12(b)(2), a plaintiff must make a prima facie showing of personal jurisdiction when, as here, a court opts not to hold a hearing on the matter.  *Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 625 (5th Cir. 1999).  In assessing personal jurisdiction, "the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'"  *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp*., 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court must accept as true the plaintiff's uncontroverted facts on which jurisdiction is predicated, and any factual conflicts in the parties' affidavits and other

documentation must be resolved in favor of the plaintiff. *Nuovo Pignone, SpA v. Storman Asia M/V*, 310 F.3d 374, 378 (5th Cir. 2002).

### B. Personal Jurisdiction

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999). Because the Texas long-arm statute reaches as far as the United States Constitution's Due Process Clause permits, the jurisdictional analysis conflates into a single due process inquiry. *Id.*

"The exercise of personal jurisdiction comports with due process where (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with th[e] state; and (2) the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo*., 615 F.3d 364, 367 (5th Cir. 2010) (quoting *Mink v. AAAA Dev. L.L.C.*, 190 F.3d 333, 336 (5th Cir. 1999)). "[T]he defendant's conduct in connection with the forum state must be such that he 'should reasonably anticipate being haled into court' in the forum state." *Latshaw*, 167 F.3d at 211 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

"There are two types of minimum contacts: contacts that give rise to specific personal jurisdiction and those that give rise to general jurisdiction." *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). A "court may exercise general jurisdiction over any action brought against" a defendant who "has continuous and systematic general business contacts with the forum state . . . ." *Luv N' care, Ltd. v. Insta-Mix, Inc.,* 438 F.3d 465, 469 (5th Cir. 2006) (quotations omitted).

"A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State [or country]." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal*, 582 U.S. 255, 262 (2017).  But for there to be general jurisdiction, a defendant's contacts with the forum state must be "so constant and pervasive 'as to render [the defendant] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also Choice Healthcare*, 615 F.3d at 368 ("To find general jurisdiction over the defendant, a defendant's contacts with the forum [state] must be substantial; random, fortuitous, or attenuated contacts are not sufficient.").  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear*, 564 U.S. at 919.

Where contacts are less pervasive, the court may still exercise specific jurisdiction over a defendant.  "Specific jurisdiction exists when 'the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Clemens*, 615 F.3d at 378 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 264.  Even "[a] corporation's continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Goodyear*, 564 U.S. at 927 (internal quotations omitted).

### C. Malex

#### 1. General Jurisdiction

There are insufficient contacts for the Court to exercise general jurisdiction over Malex. According to Malex's disclosure statement, Malex is a Mexican corporation with its principal place of business in Mexico. ECF No. 2. Only in exceptional cases can a court exercise general jurisdiction over a corporation whose business is formed or has its principal place of business outside of the forum state. *Daimler*, 571 U.S. at 139 n.19; *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 403 (2017). To constitute an exceptional case, business operations "in a forum other than its formal place of incorporation or principal place of business" must be "so substantial and of such a nature as to render the corporation at home in that State." *Id.* Plaintiff makes no such allegations and puts forth no evidence to make a prima facie showing that Malex is one of those exceptional cases.

#### 2. Specific Jurisdiction

There are likewise insufficient contacts to exercise specific jurisdiction. Plaintiff's respondeat superior claim stems from Doe's purportedly negligent operation of the 18-wheeler. Malex has submitted undisputed evidence that the collision occurred in Mexico—not Texas, as Plaintiff alleges. Namely, Malex submitted a declaration from Miriam De Los Santos, a manager at Malex who responded to the collision after it occurred. ECF No. 4-2. According to De Los Santos, the collision "occurred in Ciudad Acuna, Coahuila, Mexico, shortly before the start of the Del Rio-Ciudad Acuna International Bridge that leads to Mexico's border with the United States of America." *Id.* at 1. She claims: (1) she is familiar with the bridge and the location of the border; (2) the bridge starts in Mexico, not the United States; (3) both vehicles were on the Mexico side of the border; (4) at no point did she have to cross the border into the United States

to reach the accident; and (5) all officials who responded to the accident were Mexican officials. *Id.*

Francisco Javier Vazquez Moran, the driver of the 18-wheeler, *i.e.* John Doe, also submitted a declaration. ECF No. 4-1. He, too, declares that the collision "occurred in Ciudad Acuna, Coahuila, Mexico, shortly before the start of the bridge that leads to Mexico's border with the United States of America." *Id.* at 1. Pictures depicting the collision and Google Maps images of where the collision occurred support these assertions. *See, e.g.*, ECF No. 4 at 3-5; ECF No. 4-1 at 4-5; ECF No. 4-3. Plaintiff has not submitted any evidence to the contrary.

Plaintiff's claims of (1) negligent entrustment, hiring, training, and supervision, (2) failure to maintain the vehicle in a reasonably safe condition, and (3) violations of applicable laws and regulations are all conclusory in nature, with no supporting factual allegations—jurisdictional or otherwise. Even so, these claims presumptively arose out of activities in Mexico, where Malex is incorporated and has its principal place of business. Because Malex lacks minimum contacts with the State of Texas, the undersigned recommends granting Malex's Motion to Dismiss.

### D. John Doe

The last matter in this case is how to address the claims against Defendant John Doe. After due consideration, the undersigned recommends that the claims against John Doe be dismissed without prejudice pursuant to Rule 41(b) and/or Rule 12(b)(2) of the Federal Rules of Civil Procedure.

#### 1. Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court to dismiss an action" sua sponte for failure to prosecute, with or without notice to the parties. *Rogers v.*

*Kroger Co.*, 669 F.2d 317, 319–20 (5th Cir. 1982).  "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has known since at least September 24, 2024, that John Doe was Francisco Javier Vazquez Moran.  *See* Moran Decl., ECF No. 4-1.  Plaintiff, however, has yet to seek leave to amend her complaint to substitute parties, despite the passage of almost eight months since the declaration was filed.  Plaintiff's inactions, without any apparent justification, warrant dismissal of the claims under Rule 41(b).  *See Skinner v. Fewell*, Civ. No. 07-1096, 2009 WL 2222714, at *12 (W.D. La. July 22, 2009) (recommending dismissal due to "the apparent lack of good cause for the lengthy delay" when a plaintiff failed to substitute a named defendant for a fictitious defendant for a period of two years).

### 2. Rule 12(b)(2)

Plaintiff's claims against John Doe are also subject to dismissal under Rule 12(b)(2).  Plaintiff faces the same obstacle concerning personal jurisdiction as she does with Malex.  Again, "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ."  *Goodyear*, 564 U.S. at 919.  Specific jurisdiction, in turn, "exists when 'the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities.'"  *Clemens*, 615 F.3d at 378 (quoting *Burger King*, 471 U.S. at 474).  Moran's declaration indicates that he lives and works in Mexico and was in Mexico when the collision occurred.  ECF No. 4-1 at 1.  Therefore, Plaintiff fails to make a prima facie showing of personal jurisdiction over Moran as well.

A court can sua sponte dismiss a non-resident defendant for lack of personal jurisdiction, so long as it gives the plaintiff "an opportunity to address its concerns." *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 457 & n.3 (5th Cir. 2016) (citing *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 323-25 (5th Cir. 2001)). This report and recommendation, with its fourteen days to object, serves as adequate notice of the intent to dismiss and a sufficient opportunity to respond. *See, e.g., Alexander v. Trump*, 753 F. App'x 201, 208 (5th Cir. 2018) (concluding that a magistrate judge's report and recommendation provided adequate notice and an opportunity to be heard before dismissing a claim sua sponte). In accordance with *Hazim* and Rule 12(b)(2), the undersigned recommends dismissal of the claims against John Doe.

### III.  CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Malex's motion to dismiss be **GRANTED** and the claims against Malex be **DISMISSED WITHOUT PREJUDICE**.  The undersigned further **RECOMMENDS** that the claims against John Doe be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) and/or Rule 12(b)(2).[2]

### IV.  NOTICE

The United States District Clerk shall serve a copy of this report and recommendation on all parties either by (1) electronic transmittal to all parties represented by an attorney registered as a filing user with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic Filing in Civil and Criminal Cases; or (2) certified mail, return receipt requested, to any party not represented by an attorney registered as a filing user.  Pursuant to 28 U.S.C. § 636(b)(1), any

---

[2] A determination of personal jurisdiction is not an adjudication on the merits. *See Guidry*, 188 F.3d at 623 n.2.  The claims, therefore, must be dismissed without prejudice. *Id.*  Dismissal *without prejudice* is also warranted under Rule 41(b).  *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996) (noting that a dismissal with prejudice is only warranted if there is a record of contumacious conduct and the court first "employed lesser sanctions before dismissing the action").

party who wishes to object to this report and recommendation may do so within fourteen days after being served with a copy. Failure to file written objections to the findings and recommendations contained in this report shall bar an aggrieved party from receiving a de novo review by the District Court of the findings and recommendations contained herein, *see* 28 U.S.C. § 636(b)(1)(c), and shall bar an aggrieved party from appealing "the unobjected-to proposed factual findings and legal conclusions accepted by the District Court" except on grounds of plain error, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996).

**SIGNED** this 5th day of June, 2025.

JOSEPH A. CORDOVA
UNITED STATES MAGISTRATE JUDGE